# BALTIMORE CITY COURT.

Filed February 8, 1908.

ISAAC RAFFEL
VS.
SIDNEY MAYER AND THE UNITED SURETY COMPANY.

*David Ash* for plaintiff.
*Robert W. Beach* for Sidney Mayer.
*Edwin J. Farber* for United Surety Company.

NILES, J.—

The plaintiff in this case sued the defendants on a bond.

The bond is not set forth in full in the narr., nor is it filed with the narr., but its alleged purport is given. The narr. declares that the "Recitals" of the bond are as follows, viz:

"That whereas by contract bearing date of the 21st day of May, 1906, said principal agreed to furnish all the material and labor for the installation of the hot water heating apparatus, in the dwelling situate at the cornor of Bolton and Lennox streets in said city.

"And whereas it was a condition of said contract that said principal furnish said Isaac Raffel a bond guaranteeing the material and workmanship used in the construction of said work; and that said apparatus, when installed, should be capable of heating all the rooms in which radiators are placed

to a temperature of seventy degrees in the coldest weather."

The narr. further declares that the condition of the bond is as follows, viz:

"The condition of said writing obligatory was such, that if the said heating apparatus, when installed, shall be capable of heating all the rooms in which radiators are placed to a temperature of seventy degrees in the coldest weather, provided ordinary firing and attention is maintained, and the instructions for the management of the radiators be followed, then the said writing obligatory to be void; otherwise to remain in full force and virtue."

The narr. then sets forth the *breach* in the following language, viz:

"And the plaintiff says that said heating apparatus now installed is not capable of heating all the rooms in which radiators are placed to a temperature of seventy degrees in the coldest weather, provided ordinary firing and attention is maintained, and that the instructions for the management of the radiators be followed, and the plaintiff says that said heating apparatus being installed, ordinary firing and attention was maintained and the instructions for the management of the radiators were followed, and said heating apparatus was not, and is not, capable of heating all the rooms in which radiators are placed to a temperature of seventy degrees in the coldest weather."

The narr. further goes on to make an *"additional allegation"* as follows, viz: That "said Sidney Mayer did not furnish all the material and labor for the installation of said hot water heating apparatus so that said apparatus when so installed should be capable of heating as aforesaid."

The narr. then concludes with an allegation of demand of and refusal to pay the penalty and damages.

To this narr. five pleas were pleaded by the United Surety Company.

1st. That it did not commit any of the several breaches of covenant in the said declaration alleged.

2nd. That the plaintiff has failed to keep and perform the conditions of the bond in suit, which are therein declared to be conditions precedent

to the plaintiff's right to recover thereunder.

3rd. That the plaintiff, without the knowledge and assent of this defendant, made material alterations and additions in and to the said contract assured by the bond in suit, whereby this defendant became, and was released as surety thereon.

4th. That during the progress of the work, the plaintiff, without the knowledge and assent of this defendant, the United Surety Company, made material changes in his plans and specifications, and in the building of the rooms contracted to be built thereunder, whereby this defendant became and was released as surety on the bond in suit.

5th. That the plaintiff, during the progress of the work, referred to in the declaration, without the knowledge and assent of this defendant, made material alterations in the heating apparatus referred to in the plaintiff's declaration, whereby this defendant became and was released as surety on the bond in suit.

The plaintiff joined issue on the first and second of said pleas; and demurred to the third, fourth and fifth of said pleas, and now contends that these three last mentioned pleas ar insufficient in law.

The defendant maintains that these pleas are sufficient, but contends that the declaration is bad.

It is, of course, elementary law that a demurrer amounts to the first pleading, and, therefore, sufficiency of the declaration is the first point to be considered.

The declaration is attacked:

1st. For duplicity.

2nd. For uncertainty and indefiniteness.

3rd. That the bond, or a sufficient statement of its provisions, is not set forth.

4th. That certain necessary allegations are not made.

1st. The duplicity alleged is claimed to result from the fact there are "at least two distinct breaches of the contract are set forth in the same count."

If this were true, it would, without doubt, in this State, render the narr. bad on general demurrer, but this Court does not so construe the narr.

In the opinion of this Court the breach alleged is only what is stated above in this opinion as the *"breach"*, and the "Additional Allegation" quoted above is simply matter by way of inducement or explanation.

Of course, the general principle is well settled that pleadings are not made double by immaterial matter, or matter pleaded as necessary inducement to other allegations, and if the Court is right in the above construction of the "Additional Allegation," the declaration is not bad on account of duplicity.

This Court also holds (2nd) that the breach of the condition of the bond is set forth with sufficient certainty and definiteness; (3rd) that a sufficient statement of the provisions of the bond has been made in the absence of any demand for oyer on the part of the defendant, and that (4th) all necessary allegations are contained in the narr.

This brings us to the consideration of the pleas, which are demurred to.

It is well settled that pleadings must be taken most strongly against the party making them, and in regard to the 3rd plea, there is no allegation as to the time when the alleged alterations were made in the contract, and it is possible, therefore, that they might have been made after the breach occurred, or before the giving of the bond.

This 3rd plea also states "That material alterations were made in the contract, without stating what these alterations were, and thereby, if traversed as to the materiality of the alterations, would submit a question of law to the jury.

Another reason which is urged against the validity of this plea is, that the bond does not refer to the contract in any such way as to make the contract a part thereof, and the conclusion is then deduced that no alteration in the contract would discharge the altogether independent obligation of the bond. This point the court does not consider well taken.

The obligation of the bond is that *"said* apparatus," when installed, shall be capable of giving a certain amount of heat. It seems clear that no apparatus could be called *"said* apparatus", except the apparatus mentioned above in the recitals of the bond quoted as being the apparatus mentioned in the

contract therein set forth, which contract relates solely, so far as appears in the narr. to furnishing "all the material and labor for the installation of the hot water heating apparatus in the dwelling," etc.

The position of the plaintiff on this point would lead to the conclusion, that no matter how the contract was changed, without consent of the surety, if substituted apparatus did not heat the rooms to the required temperature, the surety would be bound even though the obligation of the surety, as set forth in the narr. was only that *"said apparatus"* (i. e. the apparatus mentioned in the contract) should have the required heating power.

But for the other reasons stated above, the demurrer to the third plea will be sustained.

The fourth plea is bad because—besides leaving the same question of law to the jury, as is left to them in third plea—the "plans and specifications" in which the changes are alleged to have been made, seem to refer to a building contract not necessarily or apparently the contract for furnishing heating apparatus mentioned in the declaration.

The fifth plea is only bad in the opinion of this Court, because it does set forth what changes were made in the "heating apparatus" referred to in the plaintiff's declaration, but merely alleges that they were "material," which is, as before stated, but a conclusion of law.

In other words, this Court holds, that when the plaintiff declares upon a bond, the condition of which is stated to be that certain heating apparatus, which was contracted to be put into a dwelling according to the terms of a contract in said narr., specifically alluded to, shall be capable of doing certain work, a material change in the contract, which is stated in the same narr. as referring only to the heating apparatus—or a material alteration of the heating apparatus itself, if made by agreement between the plaintiff and the principal, and not assented to by the surety, would discharge the surety if so made after the signing of the bond and before any breach thereof.

But this Court also holds, that the particular alteration must be set forth, so that the question can be raised by demurrer, if the plaintiff so desires, whether or not such alteration was material; or, if conceded by the plaintiff to be material if proven, the question could be raised by a plea and be passed upon by the jury whether or not such alteration was, in fact, made.

It is to be regretted that the Judge deciding this case did not have the benefit of the oral arguments of the counsel of the different parties, but he has gone carefully over the briefs filed and examined all the numerous authorities cited.

The order will be that the demurrers to the defendants' third, fourth and fifth pleas are sustained.